IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

VIVIAN LEE BAKER,

    Plaintiff,

v.                                                                    Civil Action No. 5:15-CV-104
                                                                      (BAILEY)

HM HEALTH INSURANCE COMPANY,
d/b/a HIGHMARK HEALTH INSURANCE
COMPANY and TROVER SOLUTIONS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND
GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS, AND
REMANDING THIS MATTER TO THE CIRCUIT COURT OF MARSHALL COUNTY**

      Currently pending before this Court are Defendant HM Health Insurance Company's ("Highmark") Motion to Dismiss [Doc. 11], filed on August 31, 2015, and Defendant Trover Solutions, Inc.'s ("Trover") Motion to Dismiss [Doc. 13], filed on September 8, 2015. Plaintiff filed a Response in Opposition to Highmark's Motion to Dismiss [Doc. 17] on September 15, 2015 and a Response in Opposition to Trover's Motion to Dismiss [Doc.18] on September 17, 2015. Defendant Highmark subsequently filed its reply brief [Doc. 20] on September 21, 2015. Defendant Trover filed its reply brief [Doc. 21] on September 24, 2015. This matter is now ripe for decision. For the reasons set forth below, this Court hereby **DENIES IN PART and GRANTS IN PART** the defendants' Motions to Dismiss **[Docs. 11 and 13]**. For the reasons set forth below, this matter is hereby remanded to the Circuit Court of Marshall County.

## I. BACKGROUND

A. <u>Removal and Allegations in the Complaint</u>:

Plaintiff filed the instant Complaint [Doc. 1] in the Circuit Court of Marshall County on July 10, 2015. On December 8, 2012, plaintiff alleges that she was negligently struck by a 2011 Ford Fusion SE while driving southbound on Jacob Street in Wheeling, West Virginia [Doc. 1-1 at ¶ 7]. As a result of the accident, plaintiff claims that she received medical treatment and incurred medical bills (Id. at ¶ 8). During this time, plaintiff maintained a "Freedom Blue PPO" insurance policy with Defendant Highmark (Id. at ¶ 9). Plaintiff claims that while defendant Highmark initially paid most of her medical bills, the company thereafter maintained a subrogation lien and demanded reimbursement for the amount that they paid on her behalf (Id. at ¶¶ 10-11). Defendant Highmark hired defendant Trover to collect reimbursement from plaintiff, who, in turn, provided plaintiff a "Consolidated Statement of Benefits" outlining the medical providers, dates of service, diagnosis codes, billed amounts, and actual bills for which the defendants were seeking reimbursement (Id. at ¶¶ 12-13).

On or about April 23, 2014, defendant Trover agreed to accept $1,893.35 as what was purported to be full and final settlement of defendant Highmark's subrogation claim against plaintiff (Id. at ¶ 14). On or about September 25, 2014, defendant Highmark contacted plaintiff's counsel and allegedly confirmed that the agreed-upon $1,893.35 was sufficient to satisfy any and all subrogation liens maintained by Defendant Highmark (Id. at ¶ 15). On October 13, 2014, plaintiff authorized her counsel to issue a check to defendant Trover to satisfy the subrogation liens in accordance with the parties' agreement (Id. at ¶ 16).

In November 2014, plaintiff began receiving medical bills for the same medical bills that had been initially paid by defendant Highmark, which plaintiff subsequently settled via the subrogation payment (Id. at ¶ 17). Plaintiff alleges that she received those bills because defendant Highmark withdrew payment for her medical bills, despite the fact that they had already received and accepted reimbursement for the same (Id. at ¶ 18-19). Plaintiff claims that because of the defendants' collective actions, she was essentially double-charged for the medical bills, as she paid both a subrogation lien and the bills themselves (Id. at ¶ 20-21). As such, plaintiff filed suit and alleged actions sounding in Fraud (Count I), Constructive Fraud (Count II), Unjust Enrichment (Count III), Bad Faith (Count IV), the Tort of Outrage (Count V), and Negligence (Count VI) (Id. at ¶¶ 22-48). Plaintiff seeks both Punitive and General damages as part of her action (Id. at ¶¶ 49-53).

On August 10, 2015, defendant Highmark filed a timely notice of removal pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(b) [Doc. 1 at ¶¶ 2-7]. In so doing, defendant Highmark alleged that subject matter jurisdiction was proper before this Court, as the action arises under the laws of the United States, *see* 28 U.S.C. § 1331, specifically portions of the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, *et seq.*, and the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) (Id. at ¶ 5-7). In so removing, Defendant Highmark noted that the instant case met the four-prong test necessary for removal under that statute, because it assists the Secretary of Centers for Medicare and Medicaid Services in providing Medicare insurance (Id. at ¶ 18-24).

B. Procedural History and Brief Summary of Defendants' Motions to Dismiss, Plaintiff's Responses, and Defendants' Replies in Opposition:

In the Motions to Dismiss pending before this Court, both defendant Highmark and

Trover seek to dismiss plaintiff's Complaint pursuant to F. R. Civ. P. 12(b)(1) and 12(b)(6). This Court notes that defendants' arguments are quite similar, both from a substantive and stylistic standpoint. In short, both defendants contend that because plaintiff has not exercised the full extent of administrative remedies available to her under the Medicare Act, this Court purportedly lacks jurisdiction to hear her claim [Doc. 11-1 at 12-19; Doc. 13-1 at 8-13]. Defendants also both argue that plaintiff's claims are expressly preempted by the Medicare Act, pursuant to statutory language and case law which construes that language as preventing prospective plaintiffs from bringing state law claims like those advanced by plaintiff here [Doc. 11-1 at 7-12; Doc. 13-1 at 13-17]. Defendant Trover also argues in its Motion to Dismiss that even if plaintiff's claims are not dismissed via the preemption or administrative remedy arguments, then plaintiff's Outrage and Punitive Damages claims must still be dismissed as she has pled "bare recitations" of the elements of those claims [Doc. 13-1 at 17-20].

Plaintiff filed her Response in Opposition to Highmark's Motion to Dismiss [Doc. 17] on September 14, 2015 and her Response in Opposition to Trover's Motion to Dismiss [Doc.18] on September 17, 2015. In her response, plaintiff contends that her cause of action does not challenge defendant Highmark's "right to reimbursement under the Medicare Act," but seeks redress for defendants' unlawful conduct in "making conditional payments, seeking reimbursement, and accepting plaintiff's reimbursement check" [Doc. 17 at 4-5; Doc. 18 at 5]. As such, plaintiff claims that this case does not arise under the Medicare Act, nor is it inextricably intertwined with the same [Id.].

In their Replies in Support of Their Motions to Dismiss, Defendants counter by quoting portions of the Complaint which purport to show that plaintiff's claims are

inextricably intertwined with the Medicare Act [Doc. 20 at 4-5; Doc. 21 at 2-3]. As such, Defendants contend that plaintiff's claims are completely preempted by the Medicare Act and that plaintiff has failed to exhaust her administrative remedies under that act [Id. at 5-7; Id. at 4-7]. This matter is now fully briefed, and is ripe for consideration by this Court.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1):

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal of a claim is required if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Article III, § 2 of the Constitution, a federal court may exercise jurisdiction only over a "case or controversy." Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented. **Flast v. Cohen**, 392 U.S. 83, 95 (1968); **Marshall v. Meadows**, 105 F.3d 904, 906 (4th Cir. 1997) ("One of the bulwark principles of constitutional law is the 'cases' or 'controversies' requirement for justiciability referred to in Article III."). If events occur subsequent to the filing of a lawsuit that divest the court of the ability to award meaningful relief, the case must be dismissed as moot. **Ross v. Reed**, 719 F.2d 689, 693-94 (4th Cir. 1983).

## III. DISCUSSION

A. Plaintiff's Claims Are Not Preempted by the Medicare Act, Nor Are They Subject to Administrative Review:

As noted above, both defendants argue that plaintiff's claims are expressly preempted by the Medicare Act, pursuant to statutory language and case law which construes that language as preventing prospective plaintiffs from bringing state law claims

5

like those advanced by plaintiff here [Doc. 11-1 at 7-12; Doc. 13-1 at 13-17]. Defendant Highmark, for example, contends that to allow plaintiff's claims to proceed would, "render the federal standards directly addressing these issues largely meaningless." [Doc. 20 at 2]. Defendants also contend that because plaintiff has not exercised the full extent of administrative remedies available to her under the Medicare Act, this Court purportedly lacks jurisdiction to hear her claim [Doc. 11-1 at 12-19; Doc. 13-1 at 8-13]. However, while Congress may have desired that the Medicare Act have broad preemptive force to better facilitate that statute's underlying policy goals, such preemptive force was not intended to give Medicare Advantage providers, like defendant Highmark and its agent, Defendant Trover, effective immunity from state law claims grounded in alleged independent fraudulent and/or tortious activity.

It is first necessary to determine whether this case was properly removed at the outset. Cases may be removed from state court to federal court pursuant to 28 U.S.C. § 1441(a), which authorizes removal of state court actions over "which the district courts of the United States have original jurisdiction." District courts have original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule provides that a cause of action "arises under" federal law only when federal law creates the cause of action and it is presented on the face of the plaintiff's properly pleaded complaint. **Gunn v. Minton**, 133 S.Ct. 1059, 1064-1065 (2013) (citing **Franchise Tax Bd. v. Construction Laborers Vacation Trust**, 463 U.S. 1, 10 (1983)). While Federal preemption is often raised as a defense, the well-pleaded complaint rule precludes a defendant from removing a case to federal court

6

even if a federal defense is the only issue in a given case. **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392–93 (1987) (citations omitted).

The courts recognize a narrow exception to the well-pleaded complaint rule, known as the "complete preemption" doctrine. In the case of complete preemption, "Congress so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." **Darcangelo v. Verizon Communications, Inc.**, 292 F.3d 181, 187 (4th Cir. 2002). Under this doctrine, "if the subject matter of a putative state law claim has been totally subsumed by federal law- such that state law cannot even treat on the subject matter – then removal is appropriate." **Lontz v. Tharp**, 413 F.3d 435 (4th Cir. 2005). Such claims are "rare." **Id.** In the instant action, this Court determines that the complete preemption doctrine does not apply. See **Berman v. Abington Radiology Associates, Inc.**, 1997 WL 534804 (E.D. Pa. 1997). That is to say, the enforcement provision of the Medicare Act which would preempt Plaintiff's claims, 42 U.S.C. §§ 405(h)-(g), does not "'create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate.'" **Id.** (citations omitted).

Defendants correctly note that the "sole avenue for judicial review for all claims arising under the Medicare Act," is through the exhaustion of administrative remedies available under 42 U.S.C. § 405(g). **Heckler v. Ringer**, 466 U.S. 602, 615 (1984); see also **Buckner v. Heckler**, 804 F.2d 258, 259 (4th Cir. 1986). In so deciding whether § 405(g) applies, it is necessary determine whether the claim "arises under" the Medicare Act; or is otherwise so "'inextricably intertwined' with a claim for benefits that any judicial review is barred." See **Starnes v. Schweiker**, 748 F.2d. 217 (4th Cir. 1984); see also **Heckler**, 466

7

U.S. at 614-615. Per the Supreme Court's holding in *Weinberger*, claims "arising under" the Medicare Act include those in which "both the standing and the substantive basis for the presentation of the claims" is the Social Security Act. *Weinberger v. Salfi*, 422 U.S. 760, 761 (1975). If this Court determines that Plaintiff's claims arise under the Medicare Act, then it would not have jurisdiction to hear Plaintiff's claim. *See Potts v. Rawlings Co., LLC*, 897 F.Supp.2d 185, 191-192 (S.D.N.Y. 2012).

Defendants cite a number of cases in support of their contentions that plaintiff's claims are preempted by the Medicare Act [Doc. 21 at 3], nearly all of which involve instances where claims were inextricably intertwined with claims for benefits under the Act. *See,* e.g., *Id.*; *see also* ***Einhorn v. CarePlus Health Plans, Inc.***, 43 F.Supp.3d 1329 (S.D. Fla. 2014) (where a plaintiff sued a Medicare Advantage provider that sought to collect on a Medicare lien, the Court held that such a claim was preempted by the Medicare Act); ***Kaiser v. Blue Cross of Ca.***, 347 F.3d 1107, 1112 (9th Cir. 2003) (owners and operators of a home health care agency sought relief after overpayment by Medicare Advantage companies); ***Collins v. Wellcare Healthcare Plans, Inc.***, 73 F.Supp.3d 653, 662 (E.D. La. 2014) (where an injured party sought a declaratory judgment stating that Defendant Medicare Advantage provider was not entitled to reimbursement); ***Baughan v. Thompson***, 2003 WL 22295354, at *2 (W.D. Va. Sept. 30, 2003). However, there is a key factual difference between the cases cited by the defendants and the instant case: none of those cases involve Medicare Advantage providers allegedly committing fraudulent or tortious acts *after* receiving reimbursement.

In the instant case, plaintiff claims that defendants Highmark and Trover allegedly

8

withdrew payments for treatment that she sought after she was injured in an automobile accident, but, again, did so only after they accepted subrogation payments for those payments [Doc. 1-1 at ¶ 14-21]. As plaintiff notes in her Responses, the defendants fundamentally mis-categorize her claims [Doc. 17 at 5; Doc. 18 at 5]. Plaintiff has not disputed her rights under the policy or whether the defendants are entitled to reimbursement [Id.]. Instead, she complains that defendants allegedly, "fraudulently deceived and lied to the plaintiff . . . so that (they) could receive (benefits) without having to part with anything of value" [Id.]. As such, this Court finds that plaintiff's claims do not arise under the Medicare Act, and are not subject to preemption or administrative review under that statute.

However, this Court concludes that it lacks subject matter jurisdiction to hear this case, and must remand this action to the Circuit Court for Marshall County. As both Defendants have raised that issue in their motions, this Court grants their motions in that regard and pursuant to Fed. R. Civ. P. 12(b)(1).

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the Defendants' Motions to Dismiss **[Docs. 11 and 13]** should be, and hereby are **DENIED IN PART and GRANTED IN PART** to the extent that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). This matter is hereby remanded to the Circuit Court of Marshall County.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to transmit a copy to the Clerk of the Court of Marshall County.

**DATED**: October 20, 2015

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE